UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT THROWER, | Case No. 18-11834 |
| Plaintiff<br>v. | Mark A. Goldsmith<br>United States District Judge |
| THE WASHINGTON POST, *et al*, | Stephanie Dawkins Davis<br>United State Magistrate Judge |
| Defendants.<br>_________________________/ | |

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 9)**

## I. PROCEDURAL HISTORY

*Pro se* plaintiff, Albert Thrower, filed a breach of contract complaint in state court against the Washington Post, TWP International LLC (collectively referred to herein as "Washington Post" or "the Post"), and individuals related to one or both entities. (Dkt. 1). Defendants removed this matter to federal court on June 8, 2018, based on diversity jurisdiction. (Dkt. 1). On July 9, 2018, defendants filed a motion to dismiss premised on lack of personal jurisdiction, failure to state a claim, and improper venue. (Dkt. 9). On July 10, 2018, District Judge Mark A. Goldsmith referred this matter to the undersigned for all pretrial proceedings. (Dkt. 10). The Court ordered Thrower to file a response to the motion to dismiss by September 24, 2018. (Dkt. 14). The Court also issued a notice of determination without oral argument. (Dkt. 15). On September 25, 2018, Thrower filed a

document with the heading "Defendants Were Served Under Michigan, District of Columbia and Federal Law." (Dkt. 18). The Court has interpreted this document to be Thrower's response to the motion to dismiss. Defendants filed their reply on October 10, 2018. (Dkt. 19). This matter is now ready for report and recommendation.[1]

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED**.

## II. PLAINTIFF'S COMPLAINT

Thrower's complaint consists of five numbered sentences, a demand for relief, and several exhibits. (Dkt. 1, Pg ID 9; Dkt. 9-2). The complaint alleges that Thrower placed an ad in the Washington Post on April 7, 2016; a copy of the ad was filed as an attachment to the complaint. (Dkt. 1, Pg ID 17; Dkt. 9-2, Pg ID 117). The ad, which is circled in blue magic marker on the attachment, appears as an open letter to former President Obama, and references involuntary pleas and

[1] On December 18, 2018 plaintiff filed a Notice of Dismissal with Prejudice (Dkt. 22) as to all defendants. Should the Court enter an order of dismissal pursuant to the notice, defendants' motion and this recommendation will be rendered moot. However, a cursory review of plaintiff's notice leads to questions of its compliance with Rule 41(a)(1). Namely, the Rule allows a plaintiff to dismiss without prejudice when the defendant(s) has/have neither answered nor filed a motion for summary judgment, but such a dismissal is without prejudice. Plaintiff's notice purporting to dismiss with prejudice and with each party bearing its own costs would seem to exceed the boundaries of the Rule. Therefore, as a matter of prudence the undersigned submits this recommendation.

expungement amongst other things. (*Id*.) Thrower says that defendant Lau induced him to place the ad by assuring him that a story would be written about the ad. (*Id.* at Pg ID 11). Thrower also alleges that he traveled to Washington, D.C. several times to be interviewed for the story, but no story and no interview ever happened. Thrower claims breach of contract and requests that the Court order the Post to run the story or provide him with a refund of money and expenses. In addition, Thrower requests $250,000 in damages. (Dkt. 1, Pg ID 10; Dkt. 9-2, Pg ID 110). On the next page, Thrower offers an "amended complaint" which contains one additional allegation: if he knew that the story would not be placed accompanying his ad, he would not have placed the ad. (Dkt. 1, Pg ID 11; Dkt. 9-2, Pg ID 111). Thrower also attaches to his complaint the following documents: (1) an invoice from the Washington Post for the placement of an ad in 2016 (Dkt. 1, Pg Id 12); (2) an article written by Thrower (Dkt. 1, Pg ID 13-16); (3) the ad circled in blue mentioned above (Dkt. 1, Pg ID 17); and (4) what appears to be pieced together newspaper segments from various sources, including Thrower's ad. (Dkt. 1, Pg ID 18-23, 29). Thrower asserts that venue is proper in this Court because all the allegations and actions at issue took place in Macomb County, Michigan.

## III. ANALYSIS AND CONCLUSION

### A. Legal Standards

Defendants collectively move to dismiss Thrower's complaint based on lack of personal jurisdiction, among other arguments. *See* Fed.R.Civ.P. 12(b)(2). When deciding a motion based on Rule 12(b)(2), a district court has at its disposal three procedural alternatives: (1) "it may decide the motion upon the affidavits alone"; (2) "it may permit discovery in aid of deciding the motion"; or (3) "it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F. 2d 1454, 1458 (6th Cir. 1991). "The court has discretion to select which method it will follow ...." *Theunissen*, 935 F. 2d at 1458. Regardless of which method the court chooses, it is the plaintiff who "bears the burden of establishing that jurisdiction exists." *Id*. at 1458. If the court determines "that the motion to dismiss for lack of personal jurisdiction can be decided upon [the] written submissions, it 'must consider the pleadings and the affidavits in the light most favorable to the plaintiff.'" *Serras v. First Tennessee Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989), quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980). When the court decides on the written submissions alone, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen*, 935 F.2d at 1458. Further, "[T]he plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth

specific facts showing that the court has jurisdiction. *Id.* Moreover, the court in deciding a 12(b)(2) motion on the parties' written submissions alone, "does not weigh the controverting assertions of the party seeking dismissal." *Id*. at 1459.

In the view of the undersigned, it is appropriate in this case to decide defendants' motion on the written submissions alone. Defendants do not offer any evidence to dispute the allegations in Thrower's complaint. Rather, they argue that the allegations in the complaint, on their face, are insufficient to establish personal jurisdiction over them. Thus, the undersigned must determine if Thrower has satisfied his burden of making a "*prima facie* showing that personal jurisdiction exists ...." *Theunissen*, 935 F.2d at 1458

"A federal court may only exercise personal jurisdiction in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). "Personal jurisdiction comes in two flavors: 'general' jurisdiction, which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant, and 'specific' jurisdiction, which exposes the defendant to suit in the forum state only on claims

that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).

B. General Jurisdiction – Corporate Defendants

To establish general personal jurisdiction over the corporate defendants under Michigan law, one of the following must exist: (1) incorporation under the laws of this state; (2) consent, to the extent authorized by the consent and subject to the limitations provided in section 745; or (3) the carrying on of a continuous and systematic part of its general business within the state. Mich. Comp. Laws § 600.711. There appears to be no basis in the record here to conclude that this Court has general personal jurisdiction over the corporate defendants under the first two provisions of the general jurisdiction statute. Indeed, Thrower provides a copy of the Post's certificate of incorporation showing that it is incorporated under the laws of Delaware. (Dkt. 18, Pg ID 39). Further, as is perhaps apparent from the bringing of this motion, the Post has not consented to personal jurisdiction and Thrower does not argue that it has. The question then becomes whether plaintiff has alleged sufficient facts to establish that the Post carries on a continuous and systematic part of its general business within the state. Thrower has proffered no evidence specifically addressing the Post's general business within Michigan. While plaintiff need only establish a *prima facie* showing of personal jurisdiction, the allegations in the complaint amount to nothing more than bare allegations that

all the pertinent events (none of which are actually described in the complaint) occurred in Macomb County, Michigan. Such an allegation illuminates nothing about the Post's general business activities in the state and is simply inadequate to establish general personal jurisdiction, which requires a showing that the Washington Post carried on a continuous and systematic part of its general business within the state.

Moreover, the exhibits attached to his complaint and his response do not save his cause. As set forth above, Thrower attaches to his complaint the following documents: (1) an invoice from the Washington Post for the placement of an ad in 2016 (Dkt. 1, Pg Id 12); (2) an article written by Thrower (Dkt. 1, Pg ID 13-16); (3) the ad circled in blue mentioned above (Dkt. 1, Pg ID 17); and (4) what appears to be pieced together newspaper segments from various sources, including Thrower's ad. (Dkt. 1, Pg ID 18-23, 29). None of these documents provide the Court with any basis for exercising general jurisdiction over the Washington Post. Indeed, nothing in them suggests that the Washington Post carried on a continuous and systematic part of its general business within the state.

Similarly, the documents attached to Thrower's response do nothing to establish general personal jurisdiction. Thrower attaches the following documents: (1) the affidavit of a process server who says defendants where he left a summons and complaint for each defendant at the Washington Post headquarters in

Washington, D.C.; (2) two illegible state court proofs of service; (3) a blurry photo purporting to show personal service; (4) an affidavit of service on defendants at the Washington Post headquarters in Washington, D.C.; (5) state court proofs of service showing delivery by registered mail of the summons and complaint at the Washington Post headquarters in Washington, D.C.; (6) a copy of the service rules for the District of Columbia; (7) USPS tracking documents, receipts, and green cards showing delivery to defendants in Washington, D.C., their attorneys in Detroit, MI, and the Corporation Trust Company in Wilmington, DE; (8) affidavits of service completed by Thrower; (9) the Washington Post's Certificate of Incorporation; (10) another copy of the ad placed by Thrower; (11) an affidavit by Elizabeth Nelson attesting to the general facts alleged in the complaint, which occurred in Washington, D.C.; (12) an affidavit from Thrower attesting to the facts in the complaint; (13) a copy of 31 C.F.R. § 10.63. Again, nothing in these documents suggests that the Washington Post carried on a continuous and systematic part of its general business within the state of Michigan. Thus, Thrower has not made a prima facie case of general jurisdiction over the Washington Post

C. General Jurisdiction – Individual Defendants

As to the individual defendants, neither the complaint nor Thrower's response to the motion suggests that the Court may exercise general personal

jurisdiction over any of the individual defendants. Under Michigan law, to do so, one of the following requirements must be satisfied:

> The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.
>
> (1) Presence in the state at the time when process is served.
>
> (2) Domicile in the state at the time when process is served.
>
> (3) Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

Mich. Comp. Laws Ann. § 600.701. Nothing in this record, including the exhibits discussed above, suggests that any individual defendants were present in Michigan when served, were domiciled in Michigan when served or that they consented to personal jurisdiction here in Michigan. Consequently, Thrower has not established a *prima facie* case of general personal jurisdiction over any of the individual defendants.

D. Specific Jurisdiction – Corporate and Individual Defendants

Under Federal Rule of Civil Procedure 4(e), the Court must next look to the Michigan long-arm statute, Mich. Comp. Laws § 600.715, to determine whether

personal jurisdiction over the corporate defendants exists in this case. Mich. Comp. Laws § 600.715 provides:

> The existence of any of the following relationships between a corporation or his agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which creates any of the following relationships:
>
> > (1) The transaction of any business within the state.
> >
> > (2) The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.
> >
> > (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> >
> > (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> >
> > (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

The relevant Michigan statute governing specific personal jurisdiction over individuals provides as follows:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal

jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

(1) The transaction of any business within the state.

(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

(3) The ownership, use, or possession of real or tangible personal property situated within the state.

(4) Contracting to insure a person, property, or risk located within this state at the time of contracting.

(5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

(6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.

(7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

Mich. Comp. Laws Ann. § 600.705. Here, the only applicable provisions are §§ 600.715(1) and 600.705(1) as Thrower's only cause of action sounds in breach of contract.[2]

In *Sifers v. Horn*, 385 Mich. 195, 199, n. 2 (1971), the Michigan Supreme Court stated that the phrase "transaction of any business within the State" found in Mich. Comp. Laws § 600.715 "means just what it says. It includes 'each' and 'every' .... It comprehends the 'slightest'" contact. *See also Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988). "However, constitutional concerns of due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the Due Process considerations "would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would permit it." *Id*. The relevant criteria for Due Process consideration are: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of

---

[2] Sections 600.715(5) and 600.705(5) do not appear applicable because Thrower's complaint does not suggest that services were rendered in the state of Michigan by any individual or corporate defendants.

jurisdiction over the defendant reasonable. *Theunissen*, 935 F.2d at 1460 (citations and quotation marks omitted).

There is simply no allegation of purposeful availment within Michigan by defendants in Thrower's complaint. Thrower alleges that defendant Lau induced him to purchase an ad in the Post but does not provide context for the alleged inducement from which one might infer a connection to Michigan. Viewing the facts in the light most favorable to plaintiff, he has alleged that the Post entered into a contract with him – a Michigan resident – for the placement of an ad in its newspaper. However, entering into a contract with a Michigan resident by itself does not automatically confer sufficient contacts to support a claim of purposeful availment. *Air Products and Controls, Inc. v. Safetech International, Inc.*, 503 F.3d 544, 551 (6th Cir. 2007). Rather, factors such as "prior negotiations and contemplated future consequences along with the terms of the contract and the parties' actual course of dealing" must also be taken into consideration. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In *Air Products and Controls*, the Sixth Circuit ultimately found that the defendant company had purposely availed itself of Michigan as a forum for suit as it had maintained a business relationship with the plaintiff for almost nine years; it purchased goods valued in the hundreds of thousands of dollars during that time; it mailed an application to plaintiff in Michigan to open a credit account; and it sent

purchase orders to Michigan. As such, the court found that the defendant had engaged in a continuing business relationship and had reached out beyond the borders of the state where it was headquartered to conduct business with a company whose principal place of business it knew to be Michigan. The Court thus deemed the defendant's actions to have resulted from deliberate conduct that amounted to purposeful availment. To the extent that Thrower may have contracted with the Post, it was a one-time transaction. And though Thrower flatly claims that all actions took place in Macomb County, none of the evidence he has proffered supports this claim. For instance, Thrower does not allege that any of the defendants contacted him in Michigan or that he even informed any defendant that he resides here. In fact, the logistical details of how Thrower came to place the ad are not addressed in any of plaintiff's submissions.

Further, to the extent that the allegations in Thrower's complaint suggest that some events (the details of which are unstated) occurred in Macomb County, Thrower has not connected any conduct to his cause of action, which is required under the Due Process limitations placed on the exercise of specific personal jurisdiction. And the materials that Thrower attached to the complaint and to his response brief do not establish any such connection. As such, he has failed to establish that defendants "contacts with the forum state are related to the operative facts of the controversy." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th

Cir. 1996). In breach of contract cases, the consequences of the alleged breach must be "substantially connected to the forum state." *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 724 (6th Cir. 2000). In *Calphalon*, the court concluded that the cause of action did not arise from the defendant's contacts with Ohio because performance of the contract occurred outside of Ohio. *Id*. at 724. Similarly, here, Thrower alleges that defendants did not perform their end of the bargain in Washington D.C. Yet, the complaint does not suggest any contractual performance in the state of Michigan. Indeed, Thrower has not identified conduct by any of the defendants in the complaint or his exhibits and, other than a vague allegation that defendant Lau said he would run a story if Thrower placed an ad, there is no allegation of any activities or actions by any defendants resulting in Thrower's cause of action. The undersigned concludes that Thrower has not established a *prima facie* case of specific personal jurisdiction, even over defendant Lau. As defendants point out, communications regarding the sale of goods or services to a resident in the forum state are insufficient, standing alone, to show purposeful availment. *See Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997) (holding that "[t]he mere fact that [defendant] entered into a contract with a Michigan corporation" was insufficient to establish personal jurisdiction). The allegations in the complaint are simply too vague to satisfy the Due Process requirements for the exercise of specific personal jurisdiction over the

corporate and individual defendants. Thus, the undersigned recommends that defendants' motion to dismiss be granted for lack of personal jurisdiction.[3]

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs*., 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

---

[3] Given this conclusion, defendants' remaining arguments need not be addressed. Defendants point in the reply that Thrower failed to substantively respond to any arguments raised in the motion to dismiss and has essentially waived his opposition is well-taken, however. *See e.g.*, *Humphrey v. U.S. Att'y Gen.'s Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (internal quotation marks and citation omitted).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 19, 2018

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on December 19, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I have mailed by United States Postal Service to the following non-ECF participant: Albert Thrower, P.O. Box 1422, Warren, MI 48090.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov